IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-57-FL

| | |
|---|---|
| MARCO A. LUJAN, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CHOWAN UNIVERSITY and LISA BLAND, | ) |
| Defendants. | ) |

This matter is before the court on defendant Chowan University's ("Chowan") motion to dismiss, (DE 24), plaintiff's motions to dismiss Chowan's counterclaims, (DE 32, 42), defendant Lisa Bland's ("Bland") motion to dismiss the amended complaint, (DE 36), and plaintiff's motion to file a second amended complaint. (DE 47). The motions have been fully briefed, and, in this posture, the issues presented are ripe for ruling. For reasons noted, plaintiff's motion to file a second amended complaint is granted, and all pending motions to dismiss are denied as moot.

## BACKGROUND

Defendant Chowan is a private university located in Murfreesboro, North Carolina. At times pertinent to the complaint, defendant Bland allegedly was Chowan's director of sports medicine. Plaintiff is a former student at Chowan where he was a member of the men's soccer team. Plaintiff initiated this action November 10, 2017, asserting claims of negligence and/or medical malpractice against defendants, which allegedly caused plaintiff to suffer hyperthermia and heat stroke during a soccer conditioning session held August 15, 2016.

On December 26, 2017, defendant Chowan moved to dismiss plaintiff's complaint, and, simultaneously, filed its answer and counterclaim for declaratory judgment. On January 5, 2018, plaintiff amended the complaint as a matter of right. On January 10, 2018, plaintiff moved to dismiss Chowan's counterclaim. On January 18, 2018, the court issued a text order affording Chowan 10 days to show cause why its motion to dismiss should not be denied as moot. Chowan responded January 29, 2018, contending that the amended complaint fails to rectify deficiencies in the original complaint such that Chowan's December 26, 2017, motion to dismiss may be treated as a motion to dismiss the amended complaint as well.

Defendant Bland filed no pleadings responsive to the original complaint, but, after obtaining extension of time to do so, timely moved for dismissal of the amended complaint January 13, 2018.

On February 2, 2018, plaintiff filed his motion to dismiss counterclaim set forth in Chowan's December 26, 2017, answer to the original complaint. On January 24, 2016, Chowan answered the amended complaint and amended its counterclaim as of right, the latter of which is identical to the original counterclaim except insofar as it invokes 28 U.S.C. § 2201 as a basis for issuance of declaratory judgment in addition to earlier-asserted authority under North Carolina law. Plaintiff moved for dismissal of Chowan's amended counterclaim February 2, 2018. On February 13, 2018, plaintiff moved to file a second amended complaint. Defendant Bland responded in opposition to this motion, defendant Chowan did not, and the deadline to do so has elapsed.

## DISCUSSION

Where the court grants plaintiff's motion to file a second amended complaint, any consideration of alleged facts is premature at this juncture. Accordingly, the court proceeds immediately to its discussion of the issues presented.

A.  Standard of Review

Where, as here, a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B.  Analysis

Plaintiff seeks to add allegations that he complied with the requirements of North Carolina Rule of Civil Procedure 9(j), which provides that any complaint of medical malpractice "shall be dismissed unless [t]he pleading specifically asserts that the medical care and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the [North Carolina] Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care." N.C. Gen. Stat. § 1A-1, Rule 9(j) ("N.C. Rule 9(j)").

Defendant Bland does not dispute that, had plaintiff's original complaint featured the allegations that plaintiff seeks to add, the complaint would have complied with N.C. Rule 9(j).[1] Rather Bland argues that under precedent established by the North Carolina Court of Appeals, a pleading that fails to comply with Rule 9(j) cannot be salvaged by an amended complaint, and, therefore, any amendment to the complaint is futile under the standards pertinent to Federal Rule of Civil Procedure 15(a)(2).

The narrow issue presented is whether plaintiff may amend his complaint. Federal Rule of Civil Procedure 15(a) provides an answer. It states, as set forth above, that "a party may amend its pleading with . . . the court's leave [and] [t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Where a Federal Rule of Civil Procedure answers a question

---

[1] No party has addressed whether N.C. Rule 9(j) applies in this diversity action under Erie Railroad Company. v. Tompkins and its progeny. 304 U.S. 64 (1938); see also, Hanna v. Plumer, 380 U.S. 460 (1965); Shady Grove Orthopedic Assocs., PA v. Allstate Ins. Co., 559 U.S. 393 (2010).

4

in dispute, "it governs—[state] law notwithstanding—unless it exceeds statutory authorization or Congress's rulemaking power." Shady Grove, 559 U.S. at 398 (holding that a Federal Rule of Civil Procedure governs the circumstances to which it applies unless it is unconstitutional or exceeds the scope of the Rules Enabling Act, which provides that the Federal Rules of Civil Procedure "shall not abridge, enlarge, or modify any substantive right [28 U.S.C.] § 2072(b)").

In Shady Grove, the Supreme Court held that Federal Rule of Civil Procedure 23 allowed the case then at bar, in which the substantive law of New York governed claims at issue, to proceed as a class action notwithstanding existence of a New York statute that purported to preclude "any suit to recover a 'penalty' from proceeding as a class action." Id. at 397. The Court held that even where the New York's Legislature's objective in precluding availability of class actions in cases involving penalties arguably was intended to protect defendants from "overkill" judgments, where the New York law achieved that objective by restricting availability of class actions, it was preempted, for purposes of diversity actions in federal court, by Rule 23. See id. at 403–404.

Authority from the North Carolina Court of Appeals, such as Alston v. Hueske and Keith v. Northern Hospital District of Surry County, suggests that the purpose of North Carolina's Rule 9(j) is to relieve defendants from the burden of litigating frivolous medical malpractice cases. 244 N.C.App. 546, 553 (2016); 129 N.C.App. 402, 405 (1998). However, as the North Carolina courts have interpreted it, Rule 9(j) achieves that objective by restricting availability of amended pleadings. See Alston, 244 N.C.App. at 553. Therefore, where N.C. Rule 9(j) addresses the circumstances under which a party may take an action permitted by the Federal Rules of Civil Procedure, as in Shady Grove, the pertinent Federal Rule, namely Rule 15(a)(2), governs. 559 U.S. at 398–99. Defendant Bland's arguments to the contrary fail, and under Rule 15(a)(2), where a party requests

5

leave to amend a complaint to correct deficiencies in earlier pleadings, such leave is to be "freely given." Foman, 371 U.S. at 182.

Bland argues, in addition, that where plaintiff already has amended the complaint as of right and filed a separate action in state court which voluntarily was dismissed, plaintiff should not be allowed leave to file yet a fourth complaint. Indeed, case law interpreting Rule 15(a) holds that "repeated failure to cure deficiencies by amendments previously allowed" may constitute a basis to deny a motion to amend. Id. However, prior amendment as of right and complaints filed in other jurisdictions do not constitute "amendments previously allowed" as contemplated by Forman. Id. Moreover, no evidence of any proceeding in another jurisdiction now is before the court, and the court will not, in this instance, rest denial of plaintiff's motion to amend on Bland's unverified statements, which stand unsupported by documentary evidence, summarizing proceedings elsewhere. For the foregoing reasons, plaintiff's motion to file a second amended complaint is granted.

Turning to what remains, as a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case"). Where an amended complaint is forthcoming, motions to dismiss earlier complaints are denied as moot. Moreover, where defendant Chowan's counterclaims incorporate allegations in plaintiff's earlier complaint, which now are "of no legal effect[,]" Young, 238 F.3d at 573, if

defendant Chowan wishes to proceed on its counterclaims, it is directed to refile any counterclaims with deference to the second amended complaint in conjunction with answer, in accordance with Federal Rule of Civil Procedure 13. Where Chowan's counterclaims are now "of no legal effect[,]" id., plaintiff's motions to dismiss same also are denied as moot.

## CONCLUSION

Plaintiff's motion to file a second amended complaint, (DE 47), is GRANTED. Plaintiff is DIRECTED to file the amended complaint within seven days hereof. Responsive pleadings and/or any motion shall be due in the ordinary course. All pending motions to dismiss, (DE 24, 32, 36, 42) are DENIED AS MOOT.

SO ORDERED, this the 8th day of August, 2018.

_____
LOUISE W. FLANAGAN
United States District Judge