IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

NO. 2:17-CV-57-FL

| | |
|---|---|
| MARCO A. LUJAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CHOWAN UNIVERSITY and LISA BLAND, | ) |
| | ) |
| Defendants. | ) |

This matter is before the court on defendant Chowan University's ("Chowan") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 63), defendant Lisa Bland's ("Bland") motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 66), and plaintiff's motion for leave to file a third amended complaint (DE 85). The motions have been fully briefed, and the issues presented are ripe for ruling. For reasons discussed below, plaintiff's motion for leave to file a third amended complaint is granted, and defendants' motions to dismiss are denied as moot.

**STATEMENT OF THE CASE**

Plaintiff Marco A. Lujan ("Lujan") initiated this action on November 10, 2017, asserting claims of negligence and medical malpractice against defendants, which allegedly caused plaintiff to suffer hyperthermia and heat stroke during a soccer conditioning session held August 15, 2016.

In the interest of judicial economy, the court incorporates by reference its discussion of the procedural background of this case from the court's prior order dated August 8, 2018. In that order,

the court granted plaintiff leave to file his second amended complaint, and denied all pending motions to dismiss in the case as moot.

On August 9, 2018, plaintiff filed his second amended complaint. Defendants then filed their respective motions to dismiss for failure to state a claim on August 22, 2018. In support of their motions, defendant Chowan argues plaintiff has pleaded professional malpractice under a theory not recognized in North Carolina; defendant Chowan and its non-healthcare provider employees are entitled to immunity under N.C.G.S. § 90-21.14; plaintiff's assumed duty theories of liability are insufficient as a matter of law; defendant Chowan cannot be held vicariously liable for causes of action that fail against employed healthcare providers; and plaintiff has failed to adequately plead punitive damages. Defendant Bland argues the second amended complaint fails to state a claim for medical negligence; the second amended complaint does not allege a breach of a legally cognizable standard of care; the second amended complaint does not allege proximate cause between an act or omission of defendant Bland and plaintiff's injuries; the second amended complaint fails to state a cognizable claim for negligent hiring, training, and supervision against defendant Bland; and plaintiff's claim for punitive damages fails to allege the requisite aggravating circumstances.

Plaintiff filed his responses in opposition to the motions to dismiss on September 11, 2018. In response to defendant Chowan, plaintiff argues that he has sufficiently pleaded claims pursuant to N.C.G.S. § 90-21.12; immunity under N.C.G.S. § 90-21.14 is not available to defendant Chowan and its employees; plaintiff has sufficiently pleaded defendant Chowan's separate and affirmative duty to plaintiff; plaintiff has sufficiently pleaded a claim for vicarious liability; and plaintiff has sufficiently pleaded punitive damages. In support of his response, plaintiff submits excerpts from the NCAA's 2016-2017 Division II Manual ("NCAA Manual" (DE 71-2)); Guideline 2C from

NCAA's 2014-2015 Sports Med. Handbook ("Guideline 2C" (DE 71-3)); the 2005 National Athletic Trainers' Association Code of Ethics ("Code of Ethics" (DE 71-4)); the 2015 National Athletic Trainers' Association Position Statement on Exertional Heat Illnesses ("Position Statement" (DE 71-5)); and the 2018 Bill Heinz Memorandum regarding Heat Acclimatization and Heat Illness Prevention ("Heinz Memorandum" (DE 71-6)).

In response to defendant Bland, plaintiff argues that he has sufficiently pleaded claims for medical negligence; the second amended complaint alleged that defendant Bland's actions and omissions proximately caused plaintiff's injuries; plaintiff alleges defendant Bland owed him separate affirmative duties, which she breached; plaintiff has sufficiently pleaded negligent hiring, training, and supervision against defendant Bland; and plaintiff has adequately pleaded punitive damages. In support of his response, defendant attaches the same supporting documents as in his response to defendant Chowan.

On September 25, 2018, defendants filed their respective replies to plaintiff's responses. Defendant Bland argues that plaintiff's attempt to state a claim for medical malpractice is not supported by North Carolina law; plaintiff's theory of assumption is an attempted end-run around the legally imposed standard of care; and plaintiff fails to comply with punitive damages pleading requirements. Defendant Chowan argues that plaintiff's medical malpractice claims fail as a matter of law; and negligence claims based on assumption of duty should be dismissed as a matter of law.

Following submission of defendants' motions to dismiss, the court entered its case management order on November 1, 2018, with discovery due by April 30, 2019, and dispositive motions due May 31, 2019. During the course of discovery, plaintiff filed the instant motion for leave to file a third amended complaint. The proposed amended complaint would add allegations

3

to the complaint concerning defendant Bland's lack of training in how to use a rectal thermometer and defendant Chowan's failure to maintain the ice machine in the training room, based on discovery responses received November 17, 2018, and defendant Bland's deposition taken November 28, 2018. In support of the motion, plaintiff attaches his proposed third amended complaint (DE 85-1), a redlined version of this proposed third amended complaint (DE 85-2), and excerpts from defendant Bland's deposition ("Bland Dep." (DE 85-3)).

Defendant Chowan responded in opposition to the motion, arguing that plaintiff unduly delayed in seeking to amend his complaint; that plaintiff's third amended complaint is futile; and that defendants would be unduly prejudiced by the amendment. In support of its response, defendant Chowan submits the deposition of Meredith Long ("Long Dep." (DE 89-1)), and the deposition of Michelle Aiken ("Aiken Dep." (DE 89-2)).

Plaintiff replied that the proposed allegations in the complaint address new information that he has discovered; and plaintiff's claims are not futile. In support of his reply, plaintiff attaches a letter from defendant Chowan's defense counsel ("November 2018 Letter" (DE 90-1)), and documents produced with the letter ("Document Production" (DE 90-2)).

## STATEMENT OF FACTS

The facts alleged in the complaint[1] are summarized as follows. Defendant Chowan is a private university located in Murfreesboro, North Carolina. (Compl. ¶ 2). Defendant Chowan is also a member of the National Collegiate Athletic Association ("NCAA"). (Id. ¶ 7). At times pertinent to the complaint, defendant Bland allegedly was defendant Chowan's director of sports medicine. (Id. ¶ 3). Plaintiff is a former student at defendant Chowan where he was a member of

---

[1] Hereinafter, all references to the "complaint" in the text and to "Compl." in citations are to plaintiff's proposed third amended complaint filed December 19, 2018, (DE 85-1), unless otherwise specified.

4

the men's soccer team. (Id. ¶ 6). As a member of the Chowan soccer team, plaintiff trained for, practiced for and competed in intercollegiate competitions on behalf of and at the direction of the defendant Chowan, its agents, servants and employees. (Id. ¶ 8).

On August 15, 2016, plaintiff participated in a soccer conditioning session, which included timed runs, near defendant Chowan's campus, at the direction of defendant Chowan. (Id. ¶ 9). Prior to the runs, defendant Bland gave approval to the soccer coach to have his team run in extreme heat, and permitted Michelle Aiken ("Aiken"), an unlicensed trainer, to examine plaintiff to determine if he was healthy enough to participate. (Id. ¶¶ 10, 13). During the course of the timed runs, plaintiff experienced severe hyperthermia and ultimately suffered a near fatal heat stroke. (Id. ¶ 14).

Plaintiff alleges numerous breaches of duties by defendants, including requiring plaintiff to practice sports in extreme weather; permitting an unlicensed athletic trainer to examine plaintiff and supervise team workouts; and failing to provide equipment or training necessary to properly treat hyperthermia and exertional heat stroke. (See Compl. ¶¶ 34, 51).

Additional facts pertinent to the instant motions will be discussed below.

## DISCUSSION

A.  Standard of Review

Where, as here, a party seeks leave to amend after a responsive pleading or Rule 12(b) motion has been filed, the party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

5

the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962).

With respect to futility, the court may deny leave to amend "if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556. In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

B. Analysis

The court first analyzes whether plaintiff's proposed third amended complaint is futile, drawing upon the arguments raised by the parties on defendants' motions to dismiss plaintiff's second amended complaint. Next, the court evaluates whether plaintiff unduly delayed in seeking to amend his complaint, and whether defendants are unduly prejudiced by such an amendment.

1. Medical Malpractice

The parties dispute whether plaintiff has stated a medical malpractice claim against

defendant Bland and defendant Chowan.

To state a claim for medical malpractice under North Carolina law, plaintiff must plausibly allege facts which show "(1) the standard of care, (2) breach of the standard of care, (3) proximate causation, and (4) damages." Turner v. Duke Univ., 325 N.C. 152, 162 (1989); Ingram v. Henderson Cty. Hosp. Corp., Inc., 815 S.E.2d 719, 725 (N.C. Ct. App. 2018).

> A physician or surgeon who undertakes to render professional services must meet these requirements: (1) He must possess the degree of professional learning, skill and ability which others similarly situated ordinarily possess; (2) he must exercise reasonable care and diligence in the application of his knowledge and skill to the patient's case; and (3) he must use his best judgment in the treatment and care of his patient. If the physician or surgeon lives up to the foregoing requirements he is not civilly liable for the consequences. If he fails in any one particular, and such failure is the proximate cause of injury and damage, he is liable.

McAllister v. Ha, 347 N.C. 638, 642 (1998) (citing Hunt v. Bradshaw, 242 N.C. 517, 521 (1955) (citations omitted)). "The first requirement is further refined by the 'same or similar communities' standard and N.C.G.S. § 90–21.12." Jackson v. Bumgardner, 318 N.C. 172, 175 (1986) (citing Wall v. Stout, 310 N.C. 184, 192 n. 1 (1984)); see also Swink v. Weintraub, 195 N.C. App. 133, 143–44 (2009)). Specifically, the physician is now required to provide care "in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities at the time of the alleged act giving rise to the cause of action." N.C. Gen. Stat. § 90–21.12(a). However, the second and third requirements do not require application of N.C. Gen. Stat. § 90–21.12(a). Swink, 195 N.C. App. at 142–43 (citing Wall, 310 N.C. at 199 n. 2).

Proximate causes are those

> which in natural and continuous sequence, unbroken by any new and independent cause, produced the plaintiff's injuries, and without which the injuries would not have occurred, and one from which a person of ordinary prudence could have

7

reasonably foreseen that such a result, or consequences of a generally injurious nature, was probable under all the facts as they existed.

Hairston v. Alexander Tank & Equip. Co., 310 N.C. 227, 233 (1984) (citations omitted). "A medical negligence plaintiff must rely on expert opinion testimony to establish proximate causation of the injury in a medical malpractice action." Hawkins v. Emergency Med. Physicians of Craven Cty., PLLC, 240 N.C. App. 337, 342 (2015). "The reasons for this rule are a matter of well-established precedent: courts must rely on medical expertise to explain medical causation, which is a matter removed from lay knowledge." Grodensky v. McLendon, 816 S.E.2d 267 (N.C. Ct. App.), review denied, 821 S.E.2d 170 (N.C. 2018) (internal citations omitted).

> North Carolina law defines a "health care provider" as
>
> A person who pursuant to the provisions of Chapter 90 of the General Statutes is licensed, or is otherwise registered or certified to engage in the practice of or otherwise performs duties associated with any of the following: medicine, surgery, dentistry, pharmacy, optometry, midwifery, osteopathy, podiatry, chiropractic, radiology, nursing, physiotherapy, pathology, anesthesiology, anesthesia, laboratory analysis, rendering assistance to a physician, dental hygiene, psychiatry, or psychology.

N.C. Gen. Stat. § 90-21.11(1)(a). An athletic trainer is defined as "[a] person who, under a written protocol with a physician licensed under Article 1 of Chapter 90 of the General Statutes and filed with the North Carolina Medical Board, carries out the practice of care, prevention, and rehabilitation of injuries incurred by athletes." Id. § 90-523(2). Therefore, a claim against an athletic trainer, such as defendant Bland or Aiken, for professional services rendered or not rendered sounds as a medical malpractice claim.

The facts alleged by plaintiff are sufficient at the pleading stage to establish the standard of care. Defendant Bland "gave her approval to the soccer coach to have his team run timed runs in extreme heat with a heat index in excess of 105" and "permitted Michelle Aiken, an unlicensed

8

trainer, to examine [p]laintiff to determine whether he was healthy enough to participate and then to supervise the foregoing runs." (Compl. ¶ 10). Plaintiff also alleges that defendant Bland did not provide "proper planning, instruction, training, medical assistance, medical and safety devices and an adequate emergency response plan including, but not limited to, submersion in an ice or cold water bath after he experienced a heat stroke."[2] (Id. ¶ 50). Plaintiff alleges that defendant Bland knew or should have known of several resources provided by professional associations of which she is a member that would have alerted her to the precautions she should have taken to avoid injury to plaintiff.[3] (See id. ¶ 51.a. – 51.c.). Moreover, plaintiff has represented he will provide expert testimony which will disclose a violation of N.C. Gen. Stat. § 90-21.12. (Compl. ¶¶ 48, 64). Therefore, the court infers at this stage in the case that plaintiff has plausibly pleaded an applicable standard of care in this case. See Iqbal, 556 U.S. at 679 ("[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense.").

Based on the foregoing facts, the court also infers in evaluating the pending motions that defendant Bland's actions are a proximate cause of plaintiff's injury. See Hairston, 310 N.C. at 233. Plaintiff has plausibly alleged that defendant Bland breached her standard of care, and plaintiff represents that expert testimony will be provided. (See Compl. ¶¶ 10, 48, 50, 64). Therefore, the court leaves for a later day whether the requisite expert testimony elucidated in discovery shows

---

[2] Plaintiff's additional allegations of failure to ensure defendant Chowan had adequate necessary equipment, such as a heat stress indicator, ice and ice water bath and rectal thermometer are related to this allegation. (Id. ¶ 51.h.).

[3] The court does not rely on the documents attached by plaintiff in his responses in opposition to the motions to dismiss because it is not clear that the information attached has been authenticated. See Kerr v. Marshall Univ. Bd. of Governors, 824 F.3d 62, 68 (4th Cir. 2016). In any event, it is unnecessary to consider such documents in light of plaintiffs' allegations.

plaintiff's injury was proximately caused by defendant Bland's conduct.

The court concludes that plaintiff states a claim against defendant Bland. Moreover, plaintiff's allegations of vicarious liability as to defendant Chowan for the acts of its "agents, servants, and employees" apply to plaintiff's medical malpractice claim against defendant Bland, Aiken, and other members of the athletic training staff.[4] (See id. ¶¶ 33, 34, 39).

Defendants argue that North Carolina law defines the only applicable standard of care, and plaintiff has failed to plead sufficient facts to show a breach of the North Carolina standard of care based on a "similarly situated" community, pursuant to N.C. Gen. Stat. § 90–21.12(a). For the reasons stated above, plaintiffs' allegations are sufficient to plead a breach of the standard of care, and therefore defendants arguments concerning the same or similarly situated communities fails at this stage in the case.

Defendant Chowan argues that it is entitled to immunity pursuant to N.C. Gen. Stat. 90-21.14 for any first aid or emergency care provided. This argument is unavailing because the North Carolina "Good Samaritan" statute specifically states "[n]othing in this section shall be deemed or construed to relieve any person from liability for damages for injury or death caused by an act or omission on the part of such person while rendering health care services in the normal and ordinary course of his business or profession." N.C. Gen. Stat. 90-21.14(b). Defendant Bland is reasonably inferred to receive remuneration for her services as director of sports medicine. (See Compl. ¶ 10). Moreover, for the reasons stated above, plaintiff has stated a medical malpractice claim as to defendant Bland causing plaintiffs' injuries. Finally, defendant Chowan is alleged to be vicariously

---

[4] The court does not reach the issue of whether defendant Chowan could be held liable for medical malpractice under a theory of "corporate negligence." See Blanton v. Moses H. Cone Mem'l Hosp., Inc., 319 N.C. 372, 374–75 (1987). Where the court allows plaintiff's medical malpractice claim to proceed, the court also does not address the parties' arguments regarding assumption of duty and the voluntary undertaking doctrine.

10

liable for defendant Bland's actions, as well as Aiken's actions. Therefore, under the facts alleged, defendant Chowan is not entitled to immunity under the Good Samaritan statute for defendant Bland's actions, or Aiken's actions.

For the reasons stated above, plaintiff's medical malpractice claims against defendant Bland and defendant Chowan are not futile.

    2.        Negligence & Negligent Hiring, Supervision, and Retention

Plaintiffs also seek to bring claims of negligence and negligent hiring, supervision, and retention against defendants.

"North Carolina does permit a proper plaintiff to bring ordinary negligence claims, in addition to medical malpractice claims, against a health care provider." Iodice v. United States, 289 F.3d 270, 276 (4th Cir. 2002). When a claim "arises out of policy, management, or administrative decisions," rather than "clinical care" provided by the health provider, the claim sounds in ordinary negligence. Id. Negligence actions against health care providers lie where plaintiff alleges failure in "selection of their agents," and "fail[ing] to monitor and oversee the treatment and care of the plaintiff." Blanton v. Moses H. Cone Mem'l Hosp., Inc., 319 N.C. 372, 375-77 (1987).

Here, plaintiff has alleged that, among other things, defendants failed to adequately train the athletic staff on how to handle emergency procedures, failed to provide appropriate guidance on how to respond to heat illness, and allowed an unlicenced trainer to supervise the soccer team's practice. (Compl. ¶¶ 34, 51). These allegations may involve policy and management determinations, consequently requiring them to be analyzed under ordinary negligence standards. Iodice, 289 F.3d at 276; see also Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Drawing an inference in favor of plaintiff that defendants failed

11

to adequately train or supervise their staff, the court holds plaintiff's negligence and negligent hiring, supervision, and retention claims are not futile.[5]

3. Punitive Damages

Plaintiff seeks punitive damages from defendants. Under North Carolina law, "punitive damages may be awarded . . . to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." N.C. Gen. Stat. § 1D-1. "Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that [fraud, malice, or willful or wanton conduct] was present and was related to the injury for which compensatory damages was awarded[.]" Id. § 1D-15(a). Conduct is willful or wanton when it involves "conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." Id. "'Willful or wanton conduct' means more than gross negligence." Id. § 1D-5(7).

Where plaintiff's claims for medical malpractice and negligence remain, the court deems plaintiff's punitive damages claim not futile. The court emphasizes its decision is without prejudice to defendants raising the issue again on a more complete record at summary judgment.

4. Undue Delay

Defendant Chowan argues that plaintiff's motion to amend his complaint should be denied because plaintiff was aware of the information which he seeks to add to the complaint prior to filing the motion to amend, but unduly delayed in making the motion.

---

[5] The court does not address at this juncture defendant Bland's argument that she is not an employer for purposes of a negligent hiring, supervision, and retention claim. Defendant Bland may raise this issue again at summary judgment.

The court credits plaintiffs' assertions that he did not unduly delay in seeking amendment. Plaintiff received documents in response to a discovery request on November 21, 2018, which plaintiff argues were responsive to its February 9, 2017 discovery request in the corresponding state court action and he had not previously seen before. (Pl. Reply (DE 90) at 2). On November 28, 2018, plaintiff questioned defendant Bland on those documents, and during that deposition defendant Bland admitted additional information relevant to the ice machine being broken, such as the fact that it had been inoperable for over a month, or that defendants did not procure ice from other sites on campus. (Pl. Reply. (DE 90) at 3). Defendant Bland also testified to the lack of equipment in this case, which plaintiff argues is new evidence. (Pl. Reply (DE 90) at 4-5).

Finding no apparent dilatory motive based on the facts presented by the parties, the court rejects defendants' arguments that plaintiff unduly delayed in seeking to amend his complaint.

5. Prejudice

Defendants argue that they would be prejudiced by plaintiffs' amendment of his complaint. Specifically, defendant Chowan argues that the proposed amendments "will result in [d]efendants having to file a fourth set of responsive pleadings, motions, and counterclaims." (Def. Resp. (DE 89) at 12). While defendants may have to incur additional costs in responding to plaintiffs' proposed amended complaint, such costs are not in this instance "undue prejudice" that necessitates denial of plaintiff's proposed third amended complaint. See Foman, 371 U.S. at 182. Therefore, for the reasons stated above, grants plaintiffs' motion for leave to file his proposed third amended complaint.

Turning to what remains, as a general rule, "an amended pleading ordinarily supersedes the original and renders it of no legal effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th

Cir. 2001) (internal quotations omitted); see also 6 Charles Alan Wright, et al., Fed. Prac. & Proc. § 1476 (3d ed. 1998) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case."). Where an amended complaint is forthcoming, motions to dismiss earlier complaints are denied as moot. Moreover, where defendant Chowan's counterclaims incorporate allegations in plaintiff's earlier complaint, which now are "of no legal effect[,]" Young, 238 F.3d at 573, if defendant Chowan wishes to proceed on its counterclaims, it is directed to refile any counterclaims with deference to the third amended complaint in conjunction with answer, in accordance with Federal Rule of Civil Procedure 13.

## CONCLUSION

Plaintiff's motion for leave to file a third amended complaint (DE 85) is GRANTED. Plaintiff is DIRECTED to file his proposed amended complaint (DE 85-1) within seven days hereof. Responsive pleadings and/or any motion shall be due in the ordinary course. Defendants' motions to dismiss (DE 63, 66) are DENIED AS MOOT.

SO ORDERED, this the 5th day of February, 2019.

LOUISE W. FLANAGAN
United States District Judge